**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| TANYA GUZZARDO,<br><br>Plaintiff,<br><br>vs.<br><br>DOLLAR TREE, INC.; DOLLAR TREE STORES, INC.; ROBERT SASSER; and GARY PHILBIN,<br><br>Defendants. | ) | CIVIL ACTION<br>FILE NO.: ________________<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

**COMES NOW**, Plaintiff Tanya Guzzardo ("Ms. Guzzardo" or "Plaintiff"), by and through her undersigned counsel, and hereby files this lawsuit against Defendants Dollar Tree, Inc., ("Defendant Dollar Tree"), Dollar Tree Stores, Inc. ("Defendant Dollar Tree Stores"), Robert Sasser ("Defendant Sasser"), and Gary Philbin ("Defendant Philbin"; Defendant Dollar Tree, Defendant Dollar Tree Stores, Defendant Sasser, and Defendant Philbin collectively referred to as "Defendants"), pursuant to Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ( the "FLSA"), stating as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and all other costs of litigation for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the FLSA.

## THE PARTIES

2.

Plaintiff is a citizen of the State Georgia and a resident of Cobb County, Georgia. She submits herself to the jurisdiction of this Court.

3.

Defendant Dollar Tree is a corporation incorporated under the laws of the Commonwealth of Virginia and transacts substantial business in the Northern District of Georgia. Defendant Dollar Tree may be served with process by delivering a copy of the Complaint and Summons to its registered agent, Corporation Service Company, at Bank of America Center, 1111 East Main Street, Richmond, Virginia 23219.

4.

Defendant Dollar Tree Stores is a corporation incorporated under the laws of the Commonwealth of Virginia and transacts substantial business in the Northern District of Georgia. Defendant Dollar Tree Stores may be served with process by delivering a copy of the Complaint and Summons to its registered agent, Corporation Service Company, at 40 Technology Parkway South, #300, Norcross, Georgia 30092.

5.

Defendant Sasser is the Chief Executive Officer of Defendant Dollar Tree, and he may be served with process by delivering a copy of the Complaint and Summons to 500 Volvo Parkway, Chesapeake, Virginia 23320.

6.

Defendant Philbin is the Chief Executive Officer of Dollar Tree Stores, and he may be served with process by delivering a copy of the Complaint and Summons to 500 Volvo Parkway, Chesapeake, Virginia 23320.

**JURISDICTION AND VENUE**

7.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8.

Defendant Dollar Tree is a Virginia corporation doing business in this judicial district. Venue and jurisdiction are proper in this district pursuant to 29 U.S.C. § 1391(b) because a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

9.

Defendant Dollar Tree Stores is a Virginia corporation doing business in this judicial district. Venue and jurisdiction are proper in this district pursuant to 29 U.S.C. § 1391(b) because a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

10.

Defendant Sasser is the Chief Executive Officer of Dollar Tree and is engaged in commerce in the State of Georgia. Venue and jurisdiction are proper in this district pursuant to 29 U.S.C. § 1391(b) because a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

11.

Defendant Philbin is the Chief Executive Officer of Defendant Dollar Tree and is engaged in commerce in the State of Georgia. Venue and jurisdiction are

proper in this district pursuant to 29 U.S.C. § 1391(b) because a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## FACTUAL BACKGROUND

12.

Plaintiff was an "employee" of Defendants, as that term has been defined by the FLSA, 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 203(e).

13.

Defendants are an employer engaged in interstate commerce, with gross revenues exceeding $20 billion per year.

14.

Defendants are each an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

15.

Defendants are governed by and subject to the FLSA, 29 U.S.C. §§ 206 and 207.

16.

Defendants are involved in the day-to-day operations and have substantial operational control over the policies governing Plaintiff and her employment with Defendants.

17.

Defendants exert substantial control over their compliance with the FLSA.

18.

Defendants have the power to hire and fire employees, including, without limitation, Plaintiff.

19.

Defendants control employee work schedules or conditions of employment including, without limitation, Plaintiff.

20.

Defendants determine the rate and method of payment for employees including, without limitation, Plaintiff.

21.

At all times material to this action, Defendants oversaw and had responsibility for maintaining employment records including, without limitation, employment records of Plaintiff.

22.

Defendants, individually and collectively, are engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

23.

Defendants, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA.

24.

At all relevant times, individually and collectively, Defendants have been and remain, "employers" within the meaning of §3(d) of the FLSA, 29 U.S.C. § 203(d), in that they acted ". . . directly or indirectly in the interest of an employer in relation to an employee . . ."

25.

As employers engaged in interstate commerce, Defendants are subject to the requirements of the FLSA.

26.

At all times material to this action, Plaintiff was employed by Defendants as the manager of store #1796 ("Store Manager"), which is located at 2036 Johnson Ferry Road, Atlanta, Georgia 30319 (the "Johnson Ferry Store").

27.

Plaintiff was employed as the Store Manager at the Johnson Ferry Store from July 2014 through December 24, 2016.

28.

As the Store Manager of the Johnson Ferry Store, Plaintiff was classified as exempt under the FLSA by Defendants and was therefore deemed ineligible for overtime compensation by Defendants.

29.

During her entire tenure as Store Manager of the Johnson Ferry Store, Plaintiff consistently worked 70-80 hours per week for a salaried amount without payment of any overtime compensation.

30.

Plaintiff's managerial duties as Store Manager of the Johnson Ferry Store were minimal as compared to other job duties she regularly performed.

31.

Plaintiff's managerial duties as Store Manager of the Johnson Ferry Store generally consisted of limited personnel management, weekly payroll entry, and closing up the store at the end of each day ("Managerial Functions"), but Plaintiff performed these Managerial Functions for only approximately 5-10 hours per week.

32.

The remainder of Plaintiff's time, 60-75 hours per week, was spent

performing non-managerial, non-discretionary functions, including, but not limited to, running a cash register, stocking merchandise on the store shelves ("throwing freight"), unloading delivery trucks, setting up displays within the store, setting out prices within the store, janitorial duties (including cleaning bathrooms and the entire store), making bank deposits, and obtaining cash for the store ("Non-Managerial Functions").

33.

While Plaintiff was performing her Non-Managerial Functions at the Johnson Ferry Store, she was unable to simultaneously perform any of her Managerial Functions.

34.

Plaintiff was paid a specified weekly salary.

35.

Plaintiff was not paid any overtime compensation despite the fact that she worked 30-40 hours a week over the required 40 hours and that the vast majority of her hours were spent performing Non-Managerial Functions.

36.

Defendants failed to keep accurate time records for all hours worked by Plaintiff.

37.

Defendants did not ask or require Plaintiff to record the amount of hours that she worked each day as the Store Manager of the Johnson Ferry Store.

38.

Defendants intentionally failed and/or refused to pay Plaintiff overtime compensation according to the provisions of the FLSA.

39.

For at least as far back as July 2014, Defendants have been aware of the requirements of the FLSA and its corresponding regulations. Despite this knowledge, Defendants failed to pay Plaintiff the amount of pay as required under the FLSA.

40.

Defendants intentionally classified Plaintiff as exempt even though she spent the vast majority of her time in performing non-exempt, Non-Managerial Functions as the Store Manager of the Johnson Ferry Store.

41.

As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime compensation in accordance with the FLSA.

42.

In addition to the amount of unpaid wages and benefits owing to Plaintiff, she is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

43.

Defendants' actions in failing to compensate Plaintiff in violation of the FLSA were willful.

44.

Defendants have not made a good faith effort to comply with the FLSA.

45.

Plaintiff is also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

**COUNT I**

**FAILURE TO PAY OVERTIME IN VIOLATION OF FLSA**

46.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

47.

At all times material to this action, Defendants violated the FLSA by failing to pay overtime wages to Plaintiff for the hours that Plaintiff worked in excess of forty (40) hours in any given workweek while she was Store Manager of the Johnson Ferry Store.

48.

The FLSA requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

49.

At all times material to this action, Defendants suffered or permitted Plaintiff to consistently work over the maximum number of hours allowed under the FLSA without paying overtime compensation to Plaintiff.

50.

At all times material to this action, Plaintiff's primary duty as the Store Manager of the Johnson Ferry Store was the performance of non-exempt tasks.

51.

Defendants' actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

52.

Defendants knew, or showed reckless disregard for the fact, that they failed to pay Plaintiff overtime compensation in violation of the FLSA.

53.

Defendants failed to accurately report, record and/or preserve adequate and accurate records of hours worked by Plaintiff, and thus have failed to make, keep and preserve records with respect to Plaintiff sufficient to determine her wages, hours and other conditions and practices of employment, in violation of §§ 11(c) and 15(a)(5) of the FLSA.

54.

At all times material to this action, Defendants purposely or recklessly misclassified Plaintiff as exempt in order to avoid paying Plaintiff the overtime wage differential required by the FLSA.

55.

Defendants' violations of the FLSA were willful and in bad faith.

56.

Pursuant to the FLSA, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these

claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief from this Court:

(a) that Plaintiff be granted a trial by jury as to all triable issues of fact;

(b) that Plaintiff be granted judgment against Defendants and awarded unpaid wages pursuant to the FLSA, liquidated damages, pre-judgment interest on unpaid wages, court costs, expert witness fees, reasonable attorneys' fees, and all other remedies allowed under the FLSA;

(c) that Plaintiff be granted declaratory judgment declaring that Plaintiff's rights have been violated; and

(d) that Plaintiff be awarded any and other such further relief that this Court or the Finder of Fact deems equitable and just.

Respectfully submitted this 23rd day of August, 2017.

**BARTON BLACK LAW, LLC**

/s/ *D. Barton Black*
D. Barton Black
Georgia Bar No. 119977
bblack@bartonblacklaw.com

*Attorney for Plaintiff Tanya Guzzardo*

Five Concourse Parkway
Suite 3200
Atlanta, Georgia 30328
Telephone: (404) 760-6014
Facsimile: (678) 606-9305

# CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as required by the Court in Local Rule 5.l (B).

Respectfully submitted this 23rd day of August, 2017.

**BARTON BLACK LAW, LLC**

/s/ *D. Barton Black*
D. Barton Black
Georgia Bar No. 119977
bblack@bartonblacklaw.com

*Attorney for Plaintiff Tanya Guzzardo*

Five Concourse Parkway
Suite 3200
Atlanta, Georgia 30328
Telephone: (404) 760-6014
Facsimile: (678) 606-9305